**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**IN RE**
**RUIZ CANCEL, JOSE LUIS**
DEBTOR(S)

CASE NUMBER : 10-08564 SEK
CHAPTER 13

## CHAPTER 13 PLAN

PLAN NOTICE: The following plan contains provisions which may significantly affect your rights. When confirmed, the plan will bind the debtor and each creditor to its terms. Objections must be filed in writing, filed with the Court and served upon the debtor(s), debtors' counsel, the trustee and any other entity designated by the Court, at the 341 meeting of creditors or not less than twenty (20) days prior to the scheduled confirmation hearing. For post confirmation Plan Modifications, objections must be filed and notified in the same manner within forty (40) days from its notification. A proof of claim must be filed by or on behalf of each creditor, including secured creditors, in order for the creditor to be eligible to be paid by the trustee. The Trustee will pay the allowed claims, as filed, provided for in the plan unless disallowed or expressly modified by the terms of this plan, or by subsequent Court order. If no claim is filed the trustee will not pay a creditor provided in the plan unless ordered by the Court. See the notice of commencement of case for 341 meeting date and claims bar date, the latter is the date by which a Proof of Claim must be filed in order to participate of the plan distribution.

1. Future earnings of the Debtor(s) are submitted to the supervision and control of the Trustee. The Debtor(s) shall make payments to the Trustee DIRECT as hereinafter provided in the PAYMENT PLAN SCHEDULED.
2. The Trustee shall distribute the funds so received as hereinafter provided in the DISBURSEMENT SCHEDULE SEQUENCE.
3. The Confirmation Order will not vest property of the Estate on Debtor(s) until the Order discharging Debtor(s) is entered.

PLAN DATED : **September 15, 2010**

### I. PAYMENT PLAN SCHEDULE

| $ | 300 | x | 12 | = | 3,600 |
| $ | 335 | x | 24 | = | 8,040 |
| $ | 375 | x | 24 | = | 9,000 |
| $ | | x | | = | |
| $ | | x | | = | |
| $ | | x | | = | |
| | Total | = | $ | 20,640 | |

**Additional Payments**:

$ _____ to be paid as a LUMP SUM
within _____ with proceeds to come from
¨ Sale of property identified as follows:
_____
_____
¨ Other : _____
_____
_____

Periodic Payments to be made other than and in addition to the above.
$ _____ x _____ = $ _____

To Be Made on : _____

PROPOSED PLAN BASE : $ 20,640

II. ATTORNEY'S FEES **Treated as priority §507**, and to be paid before any other creditor and concurrently with the trustee's fee unless otherwise provided

a. Rule 2016(b) Statement : $ $3,000.00
 Fees Paid ( Pre-Petition) ($ $274.00 )
b. Additional Fees $ _____
c. R 2016 Adjusted Balance : $ _____
d. Post Petition Additional Fees: $ _____
e. Total Compensation : $ $2,726.00

Signed:/s/ RUIZ CANCEL, JOSE LUIS
DEBTOR (S)
SURIEL DURAN, AGRIPINA

### II. DISBURSEMENT SCHEDULE SEQUENCE

A. SECURED CLAIMS: ☐ Debtor represents that there are no secured claims.
☐ Secured Creditor will retain their liens and shall be paid as follows :
☐ ADEQUATE PROTECTION Payments: Cr. _____ $ _____
☐ Trustee will pay secured ARREARS :
 Cr. _____ Cr. _____ Cr. _____
 Acct. _____ Acct. _____ Acct. _____
 $ _____ $ _____ $ _____

☐ Trustee will pay REGULAR MONTHLY PAYMENTS :
 Cr. _____ Cr. _____ Cr. _____
 Acct. _____ Acct. _____ Acct. _____
 Mtly Pmt. $ _____ Mtly Pmt. $ _____ Mtly Pmt. $ _____

☐ Trustee will pay IN FULL Secured Claims:
 Cr _____ Cr. _____ Cr. _____
 Acct. _____ Acct. _____ Acct. _____

☑ Trustee will pay VALUE OF COLLATERAL:
 Cr. EMP. BERRIOS Cr. _____ Cr. _____
 $ 500.00 $ _____ $ _____

☐ Secured Creditor's Interest will be insured. INSURANCE POLICY will be paid through plan:
 Cr. _____ Ins. Co. _____ Premium : $ _____

☑ Debtor MODIFIES STAY IN FAVOR OF BPPR TO PROCEED WITH :
 **HAMP LOAN MODIFICATION**

☑ Debtor maintains REGULAR PAYMENTS DIRECTLY to:
 BPPR - ARREARS to BPPR to be pay DIRECTLY by HAMP LOAN MODIFICATION

B. PRIORITIES. The trustee will pay § 507 priorities in accordance with the law §1322 (a)(2)
☑ **Attorney Fees paid ahead**

C. UNSECURED PREFERRED : ☐ Classifies ☐ Does not Classify Claims
☐ Class A ☐ Co-Debtor Claims: ☐ Pay 100 % ☐ Pay Ahead: _____
☐ Class B : ☐ Other Class: _____ ☐ _____
 ☐ Cr. _____ ☐ Cr. _____ ☐ Cr. _____
 $ _____ $ _____ $ _____

D. GENERAL UNSECURED NOT PREFERRED. (Case Liquidation Value = $ _____ )
☐ Will Be Paid 100 % plus _____ % legal interest. ☐ Will be Paid Pro-Rata from any remaining funds

OTHER PROVISIONS:
• Claims field after the bar date will received no distribution
• Upon completion of the plan secured claims will be deemed current
• Debtor reserves the right to object any claim before the discharge is entered

ATTORNEY FOR DEBTOR : Irving K. Hernandez          Phone : (787) 767-0446

# SUPPLEMENTAL PROVISIONS OF CHAPTER 13 PLAN
# REGARDING TREATMENT OF HOME MORTGAGE PAYMENTS
# IN RE JOSE LUIS RUIZ CANCEL AND AGRIPINA SURIEL DURAN
# CASE NO. 10-08564

**1. Application of Postpetition Ongoing Installment Payments Made by Debtor.** The ongoing post-petition installment payments on the Debtor's home mortgage will be paid by the Debtor directly to the creditor or its servicer beginning with the first payment due after the original plan was filed with the Court. The payments received by the creditor or its servicer from the Debtor for ongoing post-petition installment payments shall be applied and credited to the Debtor' mortgage account as if the account were current and no pre-petition default existed on the petition date, in the order of priority specified in the note and security agreement and applicable nonbankruptcy law. If these postpetition installment payments are made in a timely manner under the terms of the note, they shall be applied and credited without penalty.

**2. Amount of Postpetition Ongoing Installment Payments Made by Debtor.** The creditor or its servicer shall comply with all applicable provisions of the Real Estate Settlement Procedures Act (RESPA) and the Truth in Lending Act (TILA) during the pendency of this plan, and shall make, upon notice to the Debtor and their counsel, appropriate adjustments to the ongoing installment payment amount to reflect escrow account, adjustable rate mortgage and other changes, if any, required by the note and security agreement. If there is a shortage, deficiency or surplus of funds held in escrow, as defined under RESPA, during the pendency of this plan, then the creditor or its servicer shall notify the Debtor as required by RESPA, and shall also provide notice to Debtor's counsel.

**3. Application of Cure Payments Disbursed by Trustee.** The Debtor will cure the default on the mortgage within a reasonable period of time by making payments on the arrears through the plan, which payments shall be disbursed by the Trustee to the creditor or its servicer. The payments disbursed by the Trustee to the creditor or its servicer shall be applied and credited to the amount necessary to cure the default, which shall be referred to as the "arrears" for the purposes of this plan.

**4. Amount of Cure Payments Disbursed by Trustee.** The arrears shall consist only of the following items, but only to the extent they are listed and separately itemized on the creditor or its servicer's proof of claim, and are reasonable and have been actually incurred, and are authorized and have been properly assessed under the terms of the note and security agreement and applicable nonbankruptcy law:

>    a) any unpaid prepetition installment payments due;
>    b) any unpaid prepetition late fees;
>    c) any unpaid prepetition attorney fees;
>    d) any unpaid prepetition fees for services performed in connection with Debtor's prepetition default or for the purpose of protecting creditor or its servicer's interest in the note and security agreement;
>    e) any prepetition unpaid escrow shortage or deficiency, as defined under RESPA, to the extent not being recovered as part of the unpaid prepetition installment payments provided in (a) above.

No part of the Chapter 13 Plan or this Supplement shall be construed as a waiver of the debtor's right to object to the Proof of Claim or to any amount claimed for these items. The amounts required to be paid by the Debtor for the above listed items of arrears in order to cure the default shall be the amounts stated on the creditor or its servicer's proof of claim, unless the Debtor or Trustee disputes that amount, in which case the amount of arrears will be the amount ultimately decided by the Court or agreed to by the parties.

**5. Additional Payments for Postpetition Arrears.** The debtor reserves the right to amend this plan both before and after confirmation to include any postpetition arrears that accrue.

**6. Mortgage Current upon Plan Completion.** Upon plan completion no other fees, costs or amounts incurred by the creditor or its servicer during this chapter 13 case and asserted to be due on the Debtor's mortgage account may be collected or charged to the Debtor during the case or after entry of discharge except as permitted by this plan or allowed by the Court after notice and an opportunity to be heard, and no payments received by the creditor or its servicer from the Debtor or the Trustee shall be applied and credited except as directed and required by this plan. Prior to completion of payments under this plan, the creditor or its servicer may seek a determination concerning the sufficiency of payments received under the plan. Unless the Court orders otherwise pursuant to an appropriate motion or pleading, an order granting a discharge in this case shall be a determination that all prepetition and postpetition defaults with respect to the Debtor's mortgage have been cured within the meaning of §1322(b)(5), and that the Debtor's mortgage account is deemed current and reinstated on the original payment schedule under the note and security agreement as if no default had ever occurred. Any willful failure of the creditor or its servicer to credit payments in the manner required by this plan, or any act by the creditor or its servicer following the entry of discharge to charge or collect any amounts incurred or assessed during the pendency of this chapter 13 case that were not authorized by this plan or approved by the Court after proper notice, shall be a violation of 11 U.S.C. §524(l) and the injunction under § 524(a)(2).